**In re Rodd J. RODRIGUEZ, Debtor.**

**Rodd J. Rodriguez, Plaintiff,**

**v.**

**The Education Resources Institute, Inc., Defendant.**

**Bankruptcy No. 02–19239–8W7.
Adversary No. 03–519.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 1, 2005.

nondischargeable under section 523(a)(8) of the Bankruptcy Code. The Education Resources Institute, Inc. ("TERI"), as guarantor and holder of the loans made to the debtor/plaintiff, Rodd J. Rodriguez ("Rodriguez"), was established as and maintains the status of a nonprofit institution under its articles of organization, and is treated as a tax-exempt organization by the Internal Revenue Service and the State of Massachusetts. Rodriguez argues that section 523(a)(8) contemplates a more in-depth analysis requiring the Court to engage in an analysis beyond the simple record of TERI's incorporation and tax status and look at the totality of TERI's financial circumstances including TERI's corporate salaries, profits, and businesses of its subsidiaries. For the reasons set forth below, the Court concludes that section 523(a)(8) does not contemplate the sort of inquiry urged by Rodriguez in this case, and based on the record before the Court enters summary judgment in favor of TERI and against Rodriguez.

---

Christie D. Arkovich, Law Offices of Christie D. Arkovich, P.A., Tampa, FL, for TERI.

Michael J. Duggar, Buchalter Duggar & Kenkel, P.A., Titusville, FL, for debtor.

Carolyn R. Chaney, St. Petersburg, FL, Chapter 7 Trustee.

## ORDER GRANTING DEFENDANT TERI'S AMENDED MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

Educational loans made under any program funded by a nonprofit institution are

*Facts*

TERI is a private nonprofit institution organized under the laws of Massachusetts providing financial assistance to students enrolled in higher education programs throughout the United States. Affidavit of Michael A. Beatty, Esq., in Support of Motion for Summary Judgment ("Beatty Affidavit"). As set forth in TERI's articles of organization, TERI is operated exclusively for charitable and educational purposes through assisting students in attaining an education and through assisting educational institutions in providing an education in an economical fashion. Beatty Affidavit, para. 2; TERI's Motion for Summary Judgment, Exhibit "C." No part of TERI's earnings may inure to the benefit of any director or employee. *Id.* TERI

is also treated as a tax-exempt nonprofit organization by the Internal Revenue Service and qualifies as such pursuant to sections 501(a) and 501(c)(3) of the Internal Revenue Code and has been provided tax exempt status by the Massachusetts Department of Revenue. Beatty Affidavit, para. 3.

### Issue for Consideration

Section 523(a)(8) provides, in pertinent part, that a discharge under chapter 7 does not discharge an individual debtor from any debt:

> (8) for an educational ... loan made ... or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution ... unless excepting such from discharge under this paragraph will impose an undue hardship on the debtor ....

Both parties agree that the student loans in this case are educational loans that are neither funded nor guaranteed by a governmental unit. Also, Rodriguez does not allege that the nondischargeability of these loans would cause an "undue hardship" on him.

In addition, Rodriguez has not filed any affidavit to contradict the facts set forth in the Beatty Affidavit. Rather, Rodriguez refers to a publication on TERI's website in which TERI is referred to as a nonprofit "organization" rather than a nonprofit "institution." He then argues that in evaluating whether an organization is a nonprofit "institution" as defined in section 523(a)(8), a bankruptcy court must look to the "totality of the circumstances." Rodriguez Response to Motion for Summary Judgment (Doc. No. 35), at 8. In looking at the totality of the circumstances, Rodriguez urges the Court to engage in an in-depth analysis beyond the simple record and look to other substantive matters, in-

cluding TERI's corporate salaries, profits and businesses of its subsidiaries.

The crux of the issue before this Court, therefore, is whether the analysis regarding the status of an institution's nonprofit status involves an in-depth review of the totality of the circumstances as the Debtor suggests, or whether the Court should follow the more simplistic approach suggested by TERI.

### Legal Analysis

As an initial matter, the Court notes that the legislative history of the statute itself compels this Court to conclude that the types of loans and lenders covered by section 523(a)(8) is meant to be broad. In 1976, Congress enacted section 439A of the Education Amendments of 1976, which provided that a loan guaranteed or insured under the Guaranteed Student Loan Program under the Higher Education Act of 1965 could not be discharged in bankruptcy unless the discharge were granted after a five-year period (which excluded any applicable suspension of the repayment period)—unless, prior to the five-year period, the nondischargeability imposed an undue hardship on the debtor. *In re Cox,* 338 F.3d 1238, 1242–43 (11th Cir.2003).

The essence of section 439A was recodified in section 523(a)(8), which accordingly covered only higher educational loans "to a governmental unit, or a nonprofit institution of higher education." *In re Pilcher,* 149 B.R. 595, 598 (9th Cir. BAP 1993) (citing to Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 523(a)(8), 92 Stat. 2549 (1978)).

In 1979, the section was amended to expand the coverage to include educational loans "made, insured, or guaranteed by a governmental unit, or part by a governmental unit or nonprofit institution of

higher learning." *Id.* (citing to Pub.L. 96–56, § 3(1), 93 Stat. 387 (1979)); *In re Renshaw*, 222 F.3d 82, 87 (2nd Cir.2000) (the 1979 amendments avoided the disparities in the treatment of loans from different sources and broadened the coverage of the section).

Of particular importance to this case, in 1984, Congress expanded the section again to any *nonprofit institution.* *Renshaw*, 222 F.3d at 87–88. The next amendment occurred in 1990 to expand the exception to cover certain educational benefit overpayments, as well as obligations to repay funds received as educational benefits, scholarships, or stipends. *Pilcher*, 149 B.R. at 598 (citing to Crime Control Act of 1990, Pub.L. No. 101–647, Stat. 4865 (1990)). Finally, in 1998, Congress left "undue hardship" as the only avenue for the discharge of a student loan. *Cox*, 338 F.3d at 1243. Congress, with each amendment to section 523(a)(8), limited the discharge of such loans, consistently making it more difficult to discharge such loans. *Id.*

As can be seen, the legislative history of the statute does not support the more narrow interpretation of the meaning of "nonprofit institution" as urged by Rodriguez. Moreover, this argument violates the cannon of statutory interpretation that the starting point is the plain language of the statute itself. *Cox*, 338 F.3d at 1242 (citing to *Caminetti v. U.S.*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)— "[T]he duty of interpretation does not arise" for a statute when the plain meaning of the statute admits to only one meaning."); *Pilcher*, 149 B.R. at 598.

Pertinent to the issues raised in this case, section 523(a)(8) uses the term "nonprofit institution." "Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.'" *Pioneer Investment Services v.*

*Brunswick Associates*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993)(citing *Perrin v. U.S.*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)). As explained in *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982), "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." If the language is clear, then "the inquiry should end." *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

While the Bankruptcy Code contains many definitions, including in some cases complicated tests to be applied in determining the applicability of a certain term, "nonprofit institution" is not one of those terms. In comparison, the definition of "affiliate" involves a multi-part analysis. 11 U.S.C. § 101(2). Accordingly, in the absence of a Bankruptcy Code definition, the Court will apply to the term "nonprofit institution" its plain everyday dictionary meaning.

"Institution" is defined in the dictionary as "an established organization or corporation (as a college or university) especially of a public nature." *Merriam-Webster's Collegiate Dictionary* (10th ed.1999) at 606. Because section 523(a)(8) was expanded in 1984 to remove the words "of higher education" to eliminate the inference that the section only applies to nonprofit institutions with higher education, the Court concludes that a corporation is included in the term "institution." According to Black's Law Dictionary, a "nonprofit corporation" is a "corporation organized for some purpose other than making a profit, and usually afforded special tax treatment." *Black's Law Dictionary* (10th ed.1999) at 367.

Thus, as set forth in the uncontradicted facts contained in the Beatty Affidavit, TERI fits the plain meaning of the term "nonprofit institution" precisely. That is, TERI is a corporation organized for some purpose other than making a profit—in this instance as a nonprofit corporation making educational loans—and has been accorded special tax treatment both by the Internal Revenue Service and the Massachusetts Department of Revenue. Beatty Affidavit, para. 2.

The use of an in-depth "totality of the circumstances" test would have this Court depart from the plain meaning of the words in the statute and venture into uncharted waters for which there is no case law support. In other words, if Rodriguez's view were to prevail, conceivably at every section 523(a)(8) trial there would be a need for the courts to look behind the tax-exempt status of the lender, which is facially classified as nonprofit—and try such complex issues as: corporate governance, subsidiary ownership, whether corporate salaries were reasonable at the time the loans were granted, and whether the salaries are currently reasonable.

This Court does not believe that Congress contemplated such a review. To the contrary, Congress contemplated that if a debtor borrows money for educational purposes and that loan was funded by a nonprofit corporation, the debts are within the purview of section 523(a)(8).

### Conclusion

This adversary proceeding is before the Court on cross motions for summary judgment. It is clear there is no dispute about the facts that are contained in the Beatty Affidavit offered in support of TERI's motion, and the facts are uncontroverted by any opposing affidavit. Rather, Rodriguez proposes—without any support under the plain words of the statute, the case law, or the legislative history—that the Court create a new standard for section 523(a)(8) cases requiring a fact-intensive review of the operations of nonprofit corporations. The Court declines to do so for the reasons set forth above.

Accordingly, it is

ORDERED that the Defendant's Amended Motion for Summary Judgment is granted, and the Plaintiff's Cross Motion for Summary Judgment is denied.